# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: <br><br> HANCOCK FABRICS, INC., <br><br>                     Debtor. <br><br> Tax I.D. No. 64-0740905 | : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 16-_____ (  ) |
| In re: <br><br> HANCOCK FABRICS, LLC, <br><br>                     Debtor. <br><br> Tax I.D. No. 26-0029837 | : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 16-_____ (  ) |
| In re: <br><br> HANCOCK FABRICS OF MI, INC., <br><br>                     Debtor. <br><br> Tax I.D. No. 64-0585878 | : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 16-_____ (  ) |
| In re: <br><br> HANCOCKFABRICS.COM, INC., <br><br>                     Debtor. <br><br> Tax I.D. No. 26-0029698 | : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 16-_____ (  ) |

| | | |
|---|---|---|
| In re:<br><br>HF ENTERPRISES, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. 52-2077249 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11<br><br>Case No. 16-_____ (  ) |
| In re:<br><br>HF MERCHANDISING, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. 64-0888522 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11<br><br>Case No. 16-_____ (  ) |
| In re:<br><br>HF RESOURCES, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. 52-2069563 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11<br><br>Case No. 16-_____ (  ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Hancock Fabrics, Inc., ("**Hancock**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**")[1] respectfully request entry of an order directing joint administration of their chapter 11 cases for procedural purposes only and granting related relief. In support of this Motion, the Debtors rely on and incorporate by reference the *Declaration of Dennis Lyons in Support of the Debtors' Chapter 11 Petition and First Day Pleadings* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwin, MS 38824.

2

"**First Day Declaration**"), filed concurrently with this Motion.[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[3]

## BACKGROUND

2. On February 2, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3. The Debtors operate more than 260 stores in 37 states under the name of "Hancock Fabrics," a large national fabric and specialty retailer offering an extensive selection of high-quality fashion and home decorating textiles, sewing accessories, needlecraft supplies and sewing machines, along with in-store sewing advice. Founded in 1957, the Debtors' corporate headquarters and national distribution center are located in Baldwyn, Mississippi.

4. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the First Day Declaration.

---

[2] Capitalized terms not otherwise defined in this Motion have the meanings used in the First Day Declaration.

[3] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order—as proposed in Exhibit A—directing procedural consolidation and joint administration of these chapter 11 cases.

6. In addition, the Debtors request that the caption of their chapter 11 cases in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HANCOCK FABRICS, INC., *et al.* | Case No. 16-_____ ( ) |
| Debtors. | Jointly Administered |

7. The Debtors also propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the address of the Debtors' corporate headquarters:

> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwin, MS 38824.

8. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (except that of Hancock Fabrics, Inc.), substantially similar to the following:

An order has been entered in this case consolidating this case with the case of Hancock Fabrics, Inc. (Case No. 16-____ (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-____ (___) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

9. Federal Rule of Bankruptcy Procedure 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2), as Hancock Fabrics, Inc. directly owns 100% of the stock of (i) HF Resources, Inc. (which, in turn, owns 100% of the stock or membership of HF Merchandising, Inc. and HF Enterprises, Inc. (which owns 100% of the membership of Hancock Fabrics, LLC)), (ii) HancockFabrics.com, Inc. and (iii) Hancock Fabrics of MI, Inc. 11 U.S.C. § 101(2). Therefore, this Court is authorized to consolidate the Debtors' cases for procedural purposes.

10. In addition, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.    The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and the parties. Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1.

12.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. The relief requested will not only preserve individual creditors' rights, but also provide those creditors the benefit of cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

13.    Courts in this District have granted relief similar to the relief requested in several other cases involving multiple related debtors.[4] For these reasons, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their respective estates and creditors, and should be granted in all respects.

---

[4] *See, e.g., In re FCC Holdings, Inc.*, Case No. 14-11987 (CSS) (Bankr. D. Del. Aug. 27, 2014) (D.I. 32); *In re Mineral Park, Inc.*, Case No. 14-11996 (KG) (Bankr. D. Del. Aug. 27, 2014) (D.I. 31); *In re Windsor Petroleum Transp. Corp.*, Case No. 14-11708 (PJW) (Bankr. D. Del. Jul. 17, 2014) (D.I. 15); *In re MIG, LLC*, Case No. 14-11605 (KG) (Bankr. D. Del. Jul. 2, 2014) (D.I. 21); *In re Source Home Ent'mt, LLC*, Case No. 14-11553 (KG) (Bankr. D. Del. Jun. 24, 2014) (D.I. 35); *In re GSE Envtl. Inc.*, Case No. 14-11126 (MFW) (Bankr. D. Del. May 6, 2014) (D.I. 44).

## NOTICE

14. The Debtors will provide notice of this Motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Wells Fargo Bank, National Association, as Administrative and Collateral Agent; (iv) counsel to GACP Finance Company, LLC, as Term Agent; (v) counsel to Deutsche Bank National Trust Company, as trustee under the indenture for the Floating Rate Series A Secured Notes due 2017, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York 10271 (Attn: Margery A. Colloff, Esq.); (vi) John A. Bicks, Esq., K&L Gates, as counsel to certain secured noteholders, and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). Following the hearing, a copy of this Motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases. A copy of the Motion is also available on the Debtors' case website at htttps://www.kccllc.net/hancockfabrics.com.

15. As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

16. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or to any other court.

OMM_US:74640719.4
RLF1 13523184v.3

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated:  February 2, 2016
        Wilmington, Delaware

/s/ Michael J. Merchant
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:   (302) 651-7701

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* pending)
Karen Rinehart (*pro hac vice* pending)
Michael S. Neumeister (*pro hac vice* pending)
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

Proposed Attorneys for the
Debtors and Debtors in Possession

# Exhibit A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re:<br><br>HANCOCK FABRICS, INC.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 16-_____ (  ) |

Tax I.D. No. 64-0740905

---

| | |
|---|---|
| In re:<br><br>HANCOCK FABRICS, LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 16-_____ (  ) |

Tax I.D. No. 26-0029837

---

| | |
|---|---|
| In re:<br><br>HANCOCK FABRICS OF MI, INC.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 16-_____ (  ) |

Tax I.D. No. 64-0585878

---

| | |
|---|---|
| In re:<br><br>HANCOCKFABRICS.COM, INC.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 16-_____ (  ) |

Tax I.D. No. 26-0029698

---

| | | |
|---|---|---|
| In re: <br><br> HF ENTERPRISES, INC., <br><br> Debtor. | :<br>:<br>:<br>:<br>:<br>: | Chapter 11 <br><br> Case No. 16-_____ ( ) |

Tax I.D. No. 52-2077249

---

| | | |
|---|---|---|
| In re: <br><br> HF MERCHANDISING, INC., <br><br> Debtor. | :<br>:<br>:<br>:<br>:<br>: | Chapter 11 <br><br> Case No. 16-_____ ( ) |

Tax I.D. No. 64-0888522

---

| | | |
|---|---|---|
| In re: <br><br> HF RESOURCES, INC., <br><br> Debtor. | :<br>:<br>:<br>:<br>:<br>: | Chapter 11 <br><br> Case No. 16-_____ ( ) |

Tax I.D. No. 52-2069563

---

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the Debtors[2] for entry of an order (this "**Order**") directing the Debtors' chapter 11 cases to be jointly administered for procedural purposes only and granting related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to

---

[1] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwin, MS 38824.

2

RLF1 13523184v.3

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. Each of the above-captioned chapter 11 cases of the Debtors are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 16-_____ (   ).

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

4. The caption of the jointly administered cases shall read as follows:

3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HANCOCK FABRICS, INC., *et al.*, | Case No. 16-_____ ( ) |
| Debtors. | Jointly Administered |

5. All pleadings and notices shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of Hancock Fabrics, Inc., Case No. 16-_____ ( ).

6. A docket entry shall be made in each of the Debtors' cases (except Hancock Fabrics, Inc.) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Hancock Fabrics, Inc. (Case No. 16-_____ ( )) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____ ( ) should be consulted for all matters affecting this case.

7. The Debtors are directed to include the following footnote to each pleading they file and notice they mail in these cases, listing the Debtors in these chapter 11 cases and the last four numbers of their tax identification numbers along with the address of the Debtors' corporate headquarters:

> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwin, MS 38824.

8. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

9. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE