## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                     :        Chapter 11
                                           :
HANCOCK FABRICS, INC., *et al.*,[1]        :        Case No. 16-_____  (____)
                                           :
                          Debtors.         :
                                           :        Joint Administration Requested
                                           :

------------------------------------------------------------x

## DEBTORS' MOTION FOR AN
## ORDER PURSUANT TO SECTION 105(a) OF THE
## BANKRUPTCY CODE AUTHORIZING THE DEBTORS
## (A) TO HONOR CERTAIN PREPETITION OBLIGATIONS
## TO CUSTOMERS AND TO CONTINUE CUSTOMER PROGRAMS
## AND (B) TO HONOR CERTAIN OTHER PREPETITION OBLIGATIONS
## NECESSARY TO MAINTAIN THE EXISTENCE OF CUSTOMER PROGRAMS

Hancock Fabrics, Inc. ("**Hancock Fabrics**") and its affiliated debtors and debtors

in possession (collectively, the "**Debtors**") respectfully request entry of an order pursuant to

section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing, but

not directing, the Debtors (a) to perform and honor their prepetition obligations related to the

Customer Programs (as defined below) in the ordinary course of business, and (b) to continue,

renew, replace, implement new, and/or terminate such of the Customer Programs in the ordinary

course of business as they see fit, without further application to the Court.  In support of this

Motion, the Debtors rely on and incorporate by reference the *Declaration of Dennis Lyons in*

*Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563).  The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

**Declaration**"), filed concurrently with this Motion.  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION & VENUE

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409 and Local Rules 2015-2 and 4001-3.  This is a core proceeding under 28 U.S.C. § 157(b).[2]

## BACKGROUND

2.        On February 2, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

3.        The Debtors operate more than 260 stores in 37 states under the name of "Hancock Fabrics," a large national fabric and specialty retailer offering an extensive selection of high-quality fashion and home decorating textiles, sewing accessories, needlecraft supplies and sewing machines, along with in-store sewing advice.  Founded in 1957, the Debtors' corporate headquarters and national distribution center are located in Baldwyn, Mississippi.

4.        Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases and the Debtors' goals for these cases, is set forth in the First Day Declaration.

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

5.      By this Motion, the Debtors respectfully request entry of an order—as proposed in Exhibit A—pursuant to Bankruptcy Code section 105(a) authorizing, but not directing, the Debtors to (a) perform and honor their prepetition obligations related to the Customer Programs in the ordinary course of business, and (b) continue, modify, replace and/or terminate any existing Customer Programs and/or implement such new Customer Programs as the Debtors deem appropriate, in each case in the reasonable exercise of the Debtors' business judgment and without further application to the Court.

6.      The Debtors believe that approximately $2.4 million in gift cards and merchandise-only cards[3] have been issued but have not yet been redeemed. The typical monthly redemption of gift cards and merchandise-only cards is approximately $152,000, with higher redemption rates during the holiday season and lower redemption rates during the non-holiday season. Because gift cards and merchandise-only cards are paid for by customers in advance of redemption, these programs involve little or no actual cost to the Debtors. This, plus the substantial benefit conferred on the Debtors by such programs, justifies the granting of the relief requested in this motion.

7.      The Debtors have a number of return, gift card, customer rewards and other similar programs, practices and commitments directed at customers (collectively, the **"Customer Programs"**) that generally cost little, if anything, to the Debtors out-of-pocket, but generate significant benefits by rewarding customer loyalty and otherwise promoting sales.[4] The

---

[3] "Merchandise-only" cards represent store credits issued to customers in exchange for returned merchandise.
[4] The Debtors also periodically participate in trade shows to promote their business, at which they offer merchandise for sale under terms that may include certain of the Customer Programs described herein.

3

Debtors' approximate annualized monthly cost of these programs is $1.8 million and generates

approximately $11 million per month in sales.  The Customer Programs include:

        (a)     Return Policy.  This program provides that customers who return unopened new merchandise with a valid register receipt within 60 days from the date of purchase may obtain other equivalent value merchandise, full value store credit, or a full refund in the same form as their original payment (or, in the case of cash or debit card purchases of $100 or greater, refund by mailed check).  Customers may return or exchange opened, cut, used, washed, soiled or damaged merchandise only if the merchandise is defective.  Special orders must be paid in full at the time the order is placed and may be returned only if the merchandise is defective.  Customers without a valid register receipt or who seek to return merchandise more than 60 days from the date of purchase may return new, unopened merchandise for a store credit, in the form of a merchandise card, at the lowest sale price for such merchandise within the immediately preceding 30 days prior to the return.  Merchandise cards are valid for one year from the date of activation and are not replaceable if lost or damaged.  Purchases from the Debtors' on-line stores, hancockfabrics.com, must be returned to the on-line store.

        (b)     Gift Cards.  The Debtors sell and redeem plastic gift cards, in denominations of $5 to $500, providing store "credit" towards future purchases.  Gift cards are sold at the Debtors' retail stores and online at the Debtors' website, hancockfabrics.com, and are redeemable in stores only (not online).  Gift cards are for product only (and not cash) and are not replaceable if lost or damaged.[5]  After an extended period of inactivity, a $2 service fee is assessed each month against the remaining card balance.

        (c)     Preferred Customer Program.  The Debtors offer periodic discount mailers to customers who enroll in the Preferred Customer program.  These discount coupons are for one-time use and may not be combined with any other discounts.  The Debtors estimate that the Preferred Customer program costs approximately $20.6 million per year in discounts and generates approximately $124 million per year in sales associated with such discounts.

        (d)     Mobile Club.  The Debtors also offer periodic electronic discount "coupons" through text messaging to customers who enroll in the Mobile Club program.  These discount coupons are for one-time use and may not be combined with any other discounts.  The Debtors estimate that the Mobile Club program costs approximately $1.1 million per year in discounts and generates approximately $5.2 million per year in sales associated with such discounts.

        (e)     Designer Deals.  The Debtors offer, pursuant to a contract with Trilegiant Corporation ("Trilegiant"), a membership program in which customers 18 years and older may enroll and pay a monthly fee of $9.99.[6]  Customers receive a 10% discount on their first purchase made as a Designer Deals member and receive rebates of up to $250 per year for Hancock Fabrics purchases.  Rebates are issued in the form of Hancock Fabrics gift cards.  Trilegiant pays to Hancock a commission of 37% of the net membership revenue and fully reimburses the Debtors for all discounts (approximately $1.2 million annually) related to the Designer Deals program.

---

[5] It is the Debtors' policy to provide customers with cash if and to the extent that applicable law in the jurisdiction in which a gift card is being tendered so requires.

[6] Customers may cancel their membership in the program at any time; the Designer Deals program is not offered in Iowa.

(f)     On-Line Wholesale Volume Program.  The Debtors offer volume discount pricing for customers who (i) are business owners with a valid tax identification number, (ii) purchase in minimum increments of $500, (iii) commit to purchasing a monthly average of $1,000 in merchandise, excluding seasonal and licensed items and (iv) complete certain customer profile forms.

(g)     Affiliate Program.  Fabric and crafting affiliates, upon application to and acceptance by the Debtors, join the Debtors' affiliate referral program, which pays a percentage of online sales generated by customers "clicking through" the affiliate entity's website to the Debtors' website.   The Debtors estimate that the affiliate program costs approximately $78,000 per year in commissions and generates approximately $1.2 million per year in sales associated with such commissions.

8.     The Debtors desire to continue during the post-petition period those Customer Programs that were beneficial to their business and cost-effective during the prepetition period.   Such relief is necessary during the post-petition period to preserve the Debtors' critical business relationships and goodwill for the benefit of the Debtors' estates.

## BASIS FOR RELIEF

9.     The Debtors seek authorization pursuant to Bankruptcy Code section 105(a) to continue the Customer Programs and honor related prepetition obligations to their customers, and to honor certain prepetition obligations to others necessary to maintain the existence of the Customer Programs.  Bankruptcy Code section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

## A.    Continuation of Customer Programs and Authorization to Honor Related Prepetition Obligations to Customers.

10.     The success of the Debtors' business operations and relationship with their customers is directly tied to building and maintaining customer loyalty.  Continuing to offer the Customer Programs is an important and cost-effective goodwill measure that is essential to

RLF1 13819252v.1

the Debtors' ability to maintain their customer base in a competitive marketplace, as well as to attract new customers. The Customer Programs, therefore, are integral to the Debtors' present restructuring.

11.     In the ordinary course of their business, the Debtors engage in certain practices designed to develop and sustain a positive reputation in the marketplace for their goods and services. A cadre of loyal customers look to the Debtors to provide quality products with the promotions and loyalty programs that have long been the hallmark of the Debtors' operations, and the Customer Programs encourage and incentivize new customers to continue their relationship with the Debtors. The filing of the instant cases has the potential to adversely affect customer perceptions, and it is important to the Debtors' ongoing business relationships that they be able to continue, as they deem appropriate, the Customer Programs.

12.     Moreover, maintaining and honoring the Customer Programs post-petition will have no detrimental impact on the Debtors' business. The Customer Programs provide incentives to customers to purchase the Debtors' merchandise and to build and reward shoppers' loyalty. In a competitive marketplace, these programs are essential. Additionally, certain state statutes may require gift cards to be honored regardless of whether the issuer is a debtor in possession. *See, e.g.*, Cal. Civ. Code §1749.6.(b)[7] The Debtors respectfully submit that the entry of an order granting the relief requested herein is appropriate and, indeed, essential to the Debtors' business relationship with their customers.

13.     The Court's power to authorize such relief is rooted in an equitable common law principle that "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C & S.W.R. Co.*, 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed 117 (1882) and

---

[7] The Debtors reserve all rights with respect to the validity or application of this and equivalent statutes.

6

is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment' rule." *Id.* at 175-76. "The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the Debtors' survival during chapter 11." *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999).

14.     Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. *See In re Columbia Gas Sys.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) *citing In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981) (recognizing that "if payment of a prepetition claim 'is essential to the continued operation of [Debtors], payment may be authorized.'").

15.     Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate and in the best interest of the Debtors and all parties in interest.

16.     The Debtors submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

### NOTICE

17.     The Debtors will provide notice of this Motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) the Internal Revenue Service; (iv) counsel to Wells Fargo Bank, National Association, as Administrative and Collateral Agent; (v) counsel to GACP Finance Company, LLC, as Term Agent; (vi) counsel to Deutsche Bank National Trust Company, as trustee

RLF1 13819252v.1

under the indenture for the Floating Rate Series A Secured Notes due 2017, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York 10271 (Attn: Margery A. Colloff, Esq.); (vii) John A. Bicks, Esq., K&L Gates, as counsel to certain secured noteholders, and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m). Following the hearing, a copy of this Motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases. A copy of the Motion is also available on the Debtors' case website at https://www.kccllc.net/hancockfabrics.com.

18.    As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

19.    The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

RLF1 13819252v.1

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated:    February 2, 2016
          Wilmington, Delaware

*Michael J. Merchant*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* pending)
Karen Rinehart (*pro hac vice* pending)
Michael S. Neumeister (*pro hac vice* pending)
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Proposed Attorneys for the
Debtors and Debtors in Possession

RLF1 13819252v.1

## Exhibit A

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                   :        Chapter 11
                                         :
HANCOCK FABRICS, INC., *et al.*,[1]      :        Case No. 16-_____ (____)
                                         :
            Debtors.                     :
                                         :        Joint Administration Requested
                                         :

------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS (A) TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO CONTINUE CUSTOMER PROGRAMS AND (B) TO HONOR CERTAIN OTHER PREPETITION OBLIGATIONS NECESSARY TO MAINTAIN THE EXISTENCE OF CUSTOMER PROGRAMS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"): authorizing the Debtors (i) to honor certain prepetition obligations to customers and to continue customer programs and (ii) to honor certain other prepetition obligations necessary to maintain the existence of customer programs, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to perform and honor their prepetition obligations related to the Customer Programs in the ordinary course of business as the Debtors deem appropriate; provided, however, that the Debtors shall not honor prepetition obligations with respect to gift cards and merchandise-only cards in an aggregate amount in excess of $2.4 million without further permission from the Court.

3. The Debtors are authorized, but not directed, to continue, modify, replace and/or terminate any existing Customer Programs and/or implement such new Customer Programs as the Debtors deem appropriate in the ordinary course of business, in each case without further application to the Court.

4. Nothing herein or in the Motion shall be deemed to constitute an assumption of an executory contract, whether under Bankruptcy Code section 365 or otherwise.

5. Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

6. The requirements as set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

2

7.   The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

8.   This Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

3