## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                 :      Chapter 11

HANCOCK FABRICS, INC., *et al.*,[1]  :      Case No. 16-_____ (___)

         Debtors.     :

                 :      Joint Administration Requested

------------------------------------------------------------x

### DEBTORS' MOTION FOR
### ENTRY OF INTERIM AND FINAL ORDERS
### (I) AUTHORIZING THE DEBTORS TO MAINTAIN, CONTINUE,
### AND RENEW THEIR PREPETITION INSURANCE POLICIES AND PAY ALL
### OBLIGATIONS IN RESPECT THEREOF AND (II) GRANTING RELATED RELIEF

Hancock Fabrics, Inc. ("**Hancock Fabrics**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request entry of interim and final orders (i) authorizing the Debtors to (a) maintain, supplement, amend, extend, renew, or replace their Insurance Policies (defined below) and (b) pay any obligations, whether arising before or after the Petition Date, under the Insurance Policies, including without limitation premiums, deductibles, self-insured retention amounts, broker fees, and administrative fees (collectively, the "**Insurance Obligations**"); and (ii) granting certain related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Dennis Lyons in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563).  The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

concurrently with this Motion.[2]  In further support of the Motion, the Debtors, by and through

their undersigned counsel, respectfully represent:

**JURISDICTION & VENUE**

1.      This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157

and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

under 28 U.S.C. § 157(b).[3]

**BACKGROUND**

2.      On February 2, 2016 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to manage and operate their businesses as debtors in possession under

Bankruptcy Code sections 1107 and 1108.

3.      The Debtors operate more than 260 stores in 37 states under the name of

"Hancock Fabrics," a large national fabric and specialty retailer offering an extensive selection

of high-quality fashion and home decorating textiles, sewing accessories, needlecraft supplies

and sewing machines, along with in-store sewing advice.  Founded in 1957, the Debtors'

corporate headquarters and national distribution center are located in Baldwyn, Mississippi.

4.      Additional information on the Debtors' business and capital structure, as

well as a description of the reasons for filing these cases and the Debtors' goals for these cases,

is set forth in the First Day Declaration.

---

[2] Capitalized terms not otherwise defined in this Motion have the meanings used in the First Day Declaration.

[3] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

## RELIEF REQUESTED

5.        By this Motion, the Debtors request entry of interim and final orders—as proposed in Exhibit A (the "**Interim Order**") and Exhibit B (the "**Final Order**"), respectively— authorizing the Debtors to maintain, supplement, amend, extend, renew, or replace their Insurance Policies on an uninterrupted basis, and to pay, in their discretion, the Insurance Obligations.

6.        Further, the Debtors request that this Court authorize all applicable banks and other financial institutions to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Insurance Obligations (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and authorize the banks and financial institutions to rely on the Debtors' representations as to which checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Motion, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

## BASIS FOR RELIEF REQUESTED

### I.    FACTS SPECIFIC TO RELIEF REQUESTED

#### A.    Overview of the Debtors' Insurance Policies

7.        In connection with the operation of their businesses and the management of their properties, the Debtors maintain approximately 19 insurance policies (each an "**Insurance Policy**" and collectively, the "**Insurance Policies**") through a variety of insurance carriers.  The Insurance Policies currently in effect and the associated premiums, carriers, and

3

policy terms are listed on Exhibit C to this Motion. The Company obtains certain of its Insurance Policies through Marsh Insurance Services ("**Marsh**").[4]

8.     The Debtors also maintain multiple general liability policies, which insure the Debtors against, among other things, automobile liability, general commercial liability, commercial umbrella liability, cargo liability and commercial crime liability.  In addition, the Debtors maintain policies protecting against directors and officers liability, cyber-crimes and network liability.  The Insurance Policies are essential to the preservation of the Debtors' business, properties and assets.  Moreover, in many cases, such insurance coverage is required by various regulations, laws and contracts that govern the Debtors' business conduct.

9.     It is essential that the Debtors maintain their Insurance Policies throughout these cases because any lapse in coverage would leave the Debtors exposed to significant—potentially crippling—liability.  To preserve and maximize the value of the Debtors' estates, it is therefore critical that the Court authorize the Debtors to continue, maintain, supplement, amend, extend, renew, or replace their Insurance Policies during these chapter 11 cases and to pay all obligations thereunder in the ordinary course of business.

## B.     Payment Obligations Under the Insurance Policies

10.     The Insurance Obligations the Debtors request authority to pay fall into two general categories.  First, the Debtors seek authority to pay all premiums for the Insurance Policies in the ordinary course.  Second, the Debtors seek authority to pay deductibles and self-insured retention amounts required to maintain coverage under certain Insurance Policies.

---

[4] While Marsh sells and collects the premium payments on the Insurance Policies, actual underwriting is performed by other insurance carriers.  Because these policies are provided by other carriers, the Company has not listed Marsh on Exhibit C.

4

a.    **Premium Obligations**

11.    The Debtors estimate that the aggregate yearly premiums for all of their insurance policies are approximately $1.2 million. The Debtors are current on all premium obligations for the Insurance Policies as of the Petition Date and seek only to continue paying premiums in the ordinary course.

b.    **Other Insurance Policy Obligations**

12.    Certain Insurance Policies require the Debtors to pay deductibles or self-insured retention amounts. Under the laws of the various states in which the Debtors operate, the Debtors are required to maintain workers' compensation liability policies and to provide employees with workers' compensation coverage for claims arising from or related to employment with the Debtors. The Debtors' workers' compensation policies are among those listed on Exhibit C to this Motion. In addition to the annual premium shown on Exhibit C, the Debtors are liable for a self-insured deductible portion of the claims made against the workers' compensation policies. While the Debtors are current in their payments of insurance premiums as of the Petition Date, it is likely that they will be required to reimburse the insurers on a monthly basis for deductible payments made under the workers' compensation policies. These deductibles may relate to the period prior to the Petition Date. The Debtors anticipate that the next such payment will be due on or about February 29, 2016 and such payments typically average between $60,000 and $150,000 per month.

13.    The Debtors also maintain commercial general liability and automobile policies, which are among those listed on Exhibit C to this Motion. The Debtors pay a fixed annual premium regardless of the number or amount of claims made under the policies. However, the Debtors are liable for a self-insured deductible portion of the claims made against these policies. While the Debtors are current in their payments of insurance premiums as of the

5

Petition Date, it is likely that they will be required to reimburse the insurers on a monthly basis for deductible payments made under these policies. These deductibles may relate to the period prior to the Petition Date. The Debtors anticipate that the next such payment will be due on or about February 2, 2016 and such payments typically average between $10,000 and $30,000 per month.

14.    Additionally, the Debtors currently maintain two (2) stand-by letters of credit for insurance policy-related purposes: (i) one in the amount of $180,531 for which ACE Insurance (which insures the Debtors' cargo and cyber-crimes liability) is the beneficiary and (ii) one in the amount of $826,419 for which National Union (which insures the Debtors' workers' compensation liability) is the beneficiary. The Debtors presently do not anticipate draws against these letters of credit.

### c.    Obligations Due During First 21 Days of These Cases

15.    The Debtors anticipate that approximately $150,000 in Insurance Obligations, consisting of claims and payments as described above, will be due during the first 21 days of these cases. Accordingly, by this Motion, the Debtors request authority to pay the Insurance Obligations in an amount not to exceed $150,000 on or before entry of the Final Order (the "**Interim Insurance Cap**").

## II.    LEGAL BASIS FOR RELIEF REQUESTED

### A.    Continuation of the Insurance Policies is Required by the Bankruptcy Code and U.S. Trustee Operating Guidelines

16.    Bankruptcy Code section 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C). In addition, in many instances, the coverage provided under the Insurance Policies is required by the regulations,

6

laws, and contracts that govern the Debtors' commercial activities, including the operating guidelines issued by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee Operating Guidelines**").   Given this backdrop, the Debtors believe that it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee Operating Guidelines, that they maintain and continue to make all payments required under their Insurance Policies, and have authority to obtain, supplement, amend, extend, renew, and/or replace their Insurance Policies as needed, in their business judgment, without further order of the Court.

**B.    Payment of the Insurance Obligations and Continuation of the Insurance Policies is Appropriate Under Bankruptcy Code Sections 363(b), 105(a), and the Doctrine of Necessity**

17.    Under Bankruptcy Code section 363(b)(1), a debtor may, in the exercise of its sound business judgment and after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a court may approve an application under section 363(b) upon a showing of a good business reason for the disposition). For a court to apply Bankruptcy Code section 363(b), the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (ruling that debtor's payment of prepetition claims was necessary to protect its business and to ensure successful reorganization).

18.    Additionally, Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the

7

rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R at 175. Section 105 permits a court to authorize the "pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NYR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing Ionosphere Clubs*, 98 B.R. at 177).

19.    Payment of any prepetition Insurance Obligations is necessary and appropriate and may be authorized under Bankruptcy Code sections 363(b) and 105(a) under the "doctrine of necessity." The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of prepetition claims. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims when payment is essential to continued operation of debtor, such as where there is a "possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the "necessity of payment" doctrine "permit[s] immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (noting that section 105 and the necessity of payment doctrine provide courts with authority to permit payment of prepetition claims necessary to facilitate a successful reorganization). The rationale for this "necessity of payment" doctrine is consistent with the paramount goal of chapter 11— "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

20.    Here, the nature of the Debtors' business makes it essential for the Debtors to maintain Insurance Policies on an ongoing and uninterrupted basis, and payment of the

8

Insurance Obligations is thus warranted under Bankruptcy Code sections 363(b) and 105(a). The nonpayment of any premiums or related fees under the Insurance Policies could result in insurance carriers terminating their existing policies, declining to renew their insurance policies, or refusing to enter into new insurance agreements with the Debtors in the future.

21.    It is also important for the Debtors to have the authority to renew or obtain new insurance arrangements without further order of the Court. If the Insurance Policies are allowed to lapse without renewal, the Debtors could be exposed to substantial liability, which exposure could impair the Debtors' business and the value of the Debtors' estates. Furthermore, absent granting the relief requested, the Debtors may be required to obtain replacement policies on an expedited basis at what would likely be a significantly higher cost. It is therefore essential that the Insurance Policies be maintained on an ongoing and uninterrupted basis, and that the Debtors have the authority to revise, supplement, or change their insurance coverage by, among other things, renewing current policies or purchasing new policies.

22.    Indeed, courts in this District have routinely granted relief similar to the relief requested herein.[5] Accordingly, for these reasons, and the supporting authority found in Bankruptcy Code sections 105(a) and 363(b), the Debtors submit that the relief requested is essential, appropriate, and in the best interests of their estates and should be granted.

---

[5] *See, e.g.*, *In re Cal Dive Int'l, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015 and Mar. 27, 2015) (D.I. 63, 162); *In re Dendreon Corp.*, et al., Case No. 14-12515 (PJW) (Bankr. D. Del. Nov. 12, 2014) (D.I. 55); *In re Windsor Petroleum Transport Corp., et al.*, Case No. 14-11708 (PJW) (Bankr. D. Del. July 17, 2014) (D.I. 16); *In re Savient Pharms., Inc.*, Case No. 13-12680 (MFW) (Bankr. D. Del. Oct. 16, 2013) (D.I. 39); *In re iBAHN Corp.*, Case No. 13-12285 (PJW) (Bankr. D. Del. Sept. 9, 2013) (D.I. 31); *In re iGPS Company LLC*, Case No. 13-11459 (KG) (Bankr. D. Del. June 7, 2013) (D.I. 59) (granting the requested relief to provide awareness of the automatic stay to third parties in U.S.); *In re Prince Sports, Inc., et al.*, Case No. 12-11439 (KJC) (Bankr. D. Del. May 5, 2012) (D.I. 30).

9

**C.**    **The Court Should Authorize Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay the Insurance Obligations**

23.    The Debtors further request that the Court authorize their banking institutions and all other applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn or electronic funds relating to the Insurance Obligations whether such checks were presented prior to or after the Petition Date.  Under the Debtors' existing Cash Management System, checks or wire transfer requests can be readily identified as for an authorized payment of the Insurance Obligations.  As such, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.  The Debtors also seek authority to issue new post-petition checks or effect new electronic fund transfers on account of the Insurance Obligations or to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.  Finally, the Debtors submit that they have sufficient liquidity to pay such amounts as they become due in the ordinary course of business.

**D.**    **Interim Relief Is Necessary to Avoid Immediate and Irreparable Harm**

24.    Under Federal Rule of Bankruptcy Procedure 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the First Day Declaration, and  relief on an interim basis is therefore appropriate under Federal Rule of Bankruptcy Procedure 6003, if applicable.[6]

---

[6] See the First Day Declaration filed concurrently with this Motion.

OMM_US:74640717.8
RLF1 13819243v.1

25.    The urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Federal Rule of Bankruptcy Procedure 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Federal Rule of Bankruptcy Procedure 6004(h).

## RESERVATION OF RIGHTS

26.    Nothing contained in this Motion is an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  If this Court grants the relief requested in this Motion, any court authorized payment is not an admission of the validity of any claim or a waiver of the Debtors' or any other party's rights to subsequently dispute such claim.  In addition, authorization to pay the claims described in this Motion shall not be deemed a direction to the Debtors to pay such claims.

## NOTICE

27.    The Debtors will provide notice of this Motion by facsimile, e-mail, overnight delivery, or hand delivery to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties listed in Exhibit C hereto;  (iii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iv) counsel to Wells Fargo Bank, National Association, as Administrative and Collateral Agent; (v) counsel to GACP Finance Company, LLC, as Term Agent; (vi) counsel to Deutsche Bank National Trust Company, as trustee under the indenture for the Floating Rate Series A Secured Notes due 2017, Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York 10271 (Attn: Margery A. Colloff, Esq.); (vii) John A. Bicks, Esq., K&L Gates, as counsel to certain secured noteholders, and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m).  Following the hearing, a copy of

this Motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases. A copy of the Motion is also available on the Debtors' case website at https://www.kccllc.net/hancockfabrics.com.

28.     As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

29.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

The Debtors respectfully request entry of interim and final orders granting the relief requested in its entirety and any other relief as is just and proper.

OMM_US:74640717.8
RLF1 13819243v.1

Dated:    February 2, 2016
          Wilmington, Delaware

                        _/s/ Michael J. Merchant_
                        **RICHARDS, LAYTON & FINGER, P.A.**
                        Mark D. Collins (No. 2981)
                        Michael J. Merchant (No. 3854)
                        One Rodney Square
                        920 North King Street
                        Wilmington, DE  19801
                        Telephone:  (302) 651-7700
                        Facsimile:  (302) 651-7701

                        - and -

                        **O'MELVENY & MYERS LLP**
                        Stephen H. Warren (*pro hac vice* pending)
                        Karen Rinehart (*pro hac vice* pending)
                        Michael S. Neumeister (*pro hac vice* pending)
                        400 South Hope Street
                        Los Angeles, CA  90071-2899
                        Telephone:  (213) 430-6000
                        Facsimile:  (213) 430-6407

                        Proposed Attorneys for the
                        Debtors and Debtors in Possession

## Exhibit A

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                              :        Chapter 11
                                                    :
HANCOCK FABRICS, INC., *et al.*,[1]                 :        Case No. 16-_____  (___)
                                                    :
                           Debtors.                 :
                                                    :        Joint Administration Requested
                                                    :
                                                    :

------------------------------------------------------------x

### INTERIM ORDER (I) AUTHORIZING THE
### DEBTORS TO MAINTAIN, CONTINUE, AND RENEW
### THEIR PREPETITION INSURANCE POLICIES AND PAY ALL
### OBLIGATIONS IN RESPECT THEREOF; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Order**") (i) authorizing the Debtors to (a) maintain, supplement, amend, extend, renew, or replace their Insurance Policies on an uninterrupted basis and (b) pay the  Insurance Obligations; and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The final hearing (the "**Final Hearing**") on the Motion will be held on _____, 2016, at__:___.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____ _____, 2016, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney, Esq.); (ii)  O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 (Attn: : Stephen H. Warren, Esq. and Karen Rinehart, Esq.), proposed co-counsel to the Debtors; (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq., and Michael J. Merchant, Esq.), proposed co-counsel to the Debtors; (iv) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq. and Sean Monahan, Esq.), counsel to Wells Fargo Bank, National Association, as Administrative and Collateral Agent; (v) Paul Hastings LLP, 75 East 55th Street, New York NY 10022 (Attn: Leslie Plaskon, Esq. and Andrew Tenzer, Esq.), counsel to GACP Finance Company LLC, as Term Agent; (vi) Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, NY 10271

(Attn: Margery A. Colloff, Esq.), counsel to Deutsche Bank National Trust Company, as trustee under the indenture for the Floating Rate Series A Secured Notes due 2017; (vii) K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: John A. Bicks, Esq.), counsel to certain secured noteholders and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m). Due to the nature of the relief requested in the Motion, no other or further notice need be given. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.    The Debtors are authorized to maintain, supplement, amend, extend, renew, or replace their Insurance Policies in the ordinary course of business.

4.    The Debtors are authorized, but not required, to pay the Insurance Obligations, including without limitation premiums, deductibles, self-insured retention amounts, broker fees, and administrative fees, in an amount not to exceed $150,000, as they come due in the ordinary course of business pending the Final Hearing.

5.    The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Insurance Obligations that had not been honored and paid as of the Petition Date (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

6.      Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

7.      Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

8.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9.      Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

4

11.    This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.


Dated: _____, 2016
          Wilmington, Delaware


_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re:                                                  :       Chapter 11
                                                        :
HANCOCK FABRICS, INC., et al.,[1]                       :       Case No. 16-_____ (___)
                                                        :
                        Debtors.                        :
                                                        :       Joint Administration Requested
                                                        :

---------------------------------------------------------------x

## FINAL ORDER (I) AUTHORIZING
## THE DEBTORS TO MAINTAIN, CONTINUE, AND
## RENEW THEIR PREPETITION INSURANCE POLICIES AND PAY ALL
## OBLIGATIONS IN RESPECT THEREOF; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this "**Order**") (i) authorizing the Debtors to (a) maintain, supplement, amend, extend, renew, or replace their Insurance Policies on an uninterrupted basis and (b) pay the Insurance Obligations; and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and hearings having been held to consider the relief requested in the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

on an interim basis and on a final basis (together, the "**Hearings**"); and the Court having entered an order granting the Motion on an interim basis; and upon the First Day Declaration, the record of the Hearings, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein on a final basis.

2.    The Debtors are authorized to maintain, supplement, amend, extend, renew, or replace their Insurance Policies in the ordinary course of business.

3.    The Debtors are authorized, but not required, to pay the Insurance Obligations, including without limitation premiums, deductibles, self-insured retention amounts, broker fees, and administrative fees, as they come due in the ordinary course of business.

4.    The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Insurance Obligations that had not been honored and paid as of the Petition Date (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

2

5.      Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

6.      Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

7.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

8.      Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

RLF1 13819243v.1

10.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Wilmington, Delaware
              _____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1 13819243v.1

## Exhibit C

**Insurance Policies**

### Insurance Policies

| Policy Type | Insurance Carrier | Policy Term | Policy Number | Premium |
|---|---|---|---|---|
| **GENERAL** | | | | |
| Workers Compensation & Employers Liability (AOS) | Liberty Mutual | 5/04/15 - 5/04/16 | WA7650290321015 | $302,162 |
| Workers Compensation & Employers Liability (WI) | Liberty Mutual | 5/04/15 - 5/04/16 | WC7651290321025 | Included above |
| Excess General Liability | Liberty Mutual | 5/04/15 - 5/04/16 | EB2651290321045 | 89,711 |
| Auto Liability | Liberty Mutual | 5/04/15 - 5/04/16 | AS2651290321035 | 26,712 |
| Umbrella Liability | National Surety Corporation | 5/04/15 - 5/04/16 | SUO00015163751 | 45,822 |
| Excess Liability | Ohio Casualty | 5/04/15 - 5/04/16 | ECO1654761862 | 19,458 |
| Commercial Property | Axis | 5/04/15 - 5/04/16 | MAB75995714 | 285,796 |
| Special Crime | AIG | 5/04/14 - 5/04/17 | 86439924 | 5,534 |
| Crime | Zurich | 5/04/14 - 5/04/17 | FID948528001 | 69,000 |
| Employment Practices Liability | Axis | 5/04/15 - 5/14/16 | MNN759953012015 | 56,813 |
| Fiduciary Liability | Axis | 5/04/15 - 5/04/16 | MNN759954012015 | 16,674 |
| Cargo | ACE | 5/04/15 - 5/04/16 | N05698315 | 10,472 |
| **CYBER & PROTECTION** | | | | |
| Private Protection Privacy & Network Liability | ACE | 9/14/15 - 11/30/16 | EONG25557347001 | 71, 237 |
| **DIRECTORS & OFFICERS LIABILITY** | | | | |
| Directors & Officers | Berkley | 11/30/15 - 11/30/16 | 18017202 | 50,000 |
| Excess D&O | Great American | 11/30/15 - 11/30/16 | DXF1490841 | 29,820 |
| Excess D&O | Beazley | 11/30/15 - 11/30/16 | V1A356150101 | 30,000 |
| Excess D&O | XL Specialty | 11/30/15 - 11/30/16 | ELU14219015 | 28,000 |
| Excess Side A | Chubb | 11/30/15 - 11/30/16 | 8210-5727 | 35,000 |
| Excess Side A | XL Specialty | 11/30/15 - 11/30/16 | ELU14203815 | 25,000 |