

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                            : Chapter 11
:
HANCOCK FABRICS, INC., *et al.*,[1]               : Case No. 16-10296 (BLS)
:
               Debtors.            : Jointly Administered
:
: Re: Docket No. 11
---------------------------------------------------------------x

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN, CONTINUE, AND RENEW THEIR PREPETITION INSURANCE POLICIES AND PAY ALL OBLIGATIONS IN RESPECT THEREOF; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Order**") (i) authorizing the Debtors to (a) maintain, supplement, amend, extend, renew, or replace their Insurance Policies on an uninterrupted basis and (b) pay the Insurance Obligations; and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion will be held on 2-22, 2016, at 1:00 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on 2-16, 2016, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney, Esq.); (ii) O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 (Attn: : Stephen H. Warren, Esq. and Karen Rinehart, Esq.), proposed co-counsel to the Debtors; (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq., and Michael J. Merchant, Esq.), proposed co-counsel to the Debtors; (iv) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq. and Sean Monahan, Esq.), counsel to Wells Fargo Bank, National Association, as Administrative and Collateral Agent; (v) Paul Hastings LLP, 75 East 55th Street, New York NY 10022 (Attn: Leslie Plaskon, Esq. and Andrew Tenzer, Esq.), counsel to GACP Finance Company LLC, as Term Agent; (vi) Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, NY 10271

(Attn: Margery A. Colloff, Esq.), counsel to Deutsche Bank National Trust Company, as trustee under the indenture for the Floating Rate Series A Secured Notes due 2017; (vii) K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: John A. Bicks, Esq.), counsel to certain secured noteholders and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m). Due to the nature of the relief requested in the Motion, no other or further notice need be given. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized to maintain, supplement, amend, extend, renew, or replace their Insurance Policies in the ordinary course of business.

4. The Debtors are authorized, but not required, to pay the Insurance Obligations, including without limitation premiums, deductibles, self-insured retention amounts, broker fees, and administrative fees, in an amount not to exceed $150,000, as they come due in the ordinary course of business pending the Final Hearing.

5. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Insurance Obligations that had not been honored and paid as of the Petition Date (or to re-issue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

RLF1 13830862v.1

6. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

7. Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

8. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

RLF1 13830862v.1

11. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 3, 2016
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE