IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
HANCOCK FABRICS, INC., *et al.*,[1]                 :     Case No. 16-10296 (BLS)
                                                    :
                  Debtors.                          :
                                                    :     Jointly Administered
                                                    :
                                                    :     Re: Docket No. 8
---------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS TO SATISFY PREPETITION CLAIMS OF COMMON CARRIERS AND SALES AND SHIPPING PROCESSORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") authorizing the Debtors to satisfy prepetition claims of Common Carriers and Sales and Shipping Processors, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

RLF1 13831671v.1

their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to Bankruptcy Code section 105(a), the Debtors are authorized, but not directed, to pay in their sole discretion any or all of the valid prepetition charges of certain Common Carriers and Sales and Shipping Processors, on the same basis and in accordance with the same practices and procedures in effect prior to the date hereof. Notwithstanding the foregoing, the Debtors shall not pay prepetition charges of Common Carriers and Sales and Shipping Processors in an aggregate amount in excess of $1.2 million without further permission of the Court.

3. Nothing in this Order or the Motion shall be construed as prejudicing the Debtors' right to dispute or contest the amount of, or basis for, any claims against the Debtors relating to any claims of the Common Carriers and Sales and Shipping Processors.

4. Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

5. Nothing in this Order or the Motion shall be deemed to constitute an assumption of an executory contract, whether under Bankruptcy Code section 365 or otherwise.

6. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

7. The requirements as set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this order.

Dated: February 3, 2016
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE