

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| HANCOCK FABRICS, INC., *et al.*,[1] | :    Case No. 16-10296 (BLS) |
| | : |
| Debtors. | : |
| | :    Jointly Administered |
| | : |
| |    Re: Docket No. 9 |

------------------------------------------------------------x

### ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to Bankruptcy Code sections 105(a), 363(b), 507(a) and 541, (i) authorizing the Debtors to pay in full, and in cash, certain Prepetition Taxes and (ii) granting certain related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter an order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to pay any and all Prepetition Taxes owed to the Taxing Authorities and related to periods prior to the Petition Date in the ordinary course of business in an aggregate amount not to exceed $2,975,000 (the "**Prepetition Taxes Cap**"); provided that the Debtors are not authorized to pay any Prepetition Taxes that were past due as of the Petition Date absent further order from the Court.

3. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date for Prepetition Taxes that had not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order, *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments.

4. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors) shall be construed as (i) an admission of the

validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

5. Nothing in the Motion or this Order shall prejudice the Debtors' right to request further authority from this Court, after notice and an opportunity for a hearing, to pay any Prepetition Taxes in excess of the Prepetition Taxes Cap.

6. Nothing herein amends that certain Debtor-in-Possession Credit Agreement dated on or about February 2, 2016 by and among, *inter alia*, the Debtors, Wells Fargo Bank, N.A. as Administrative Agent, Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent (the "**DIP Credit Agreement**") (including without limitation any budget incorporated therein) or any order of this Court approving the DIP Credit Agreement (including without limitation any budget incorporated therein).

7. The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

8. Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

RLF1 13830848v.1

10. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 3, 2016
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 13830848v.1