IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
In re:

HANCOCK FABRICS, INC., et al.,[1]

Debtors.
-------------------------------------------------------------- x

Chapter 11

Case No. 16-10296 (BLS)

Jointly Administered

Re: Docket 1089

### ORDER AUTHORIZING DEBTOR HANCOCK FABRICS, INC. TO ENTER INTO AN AGREEMENT WITH THE PBGC TERMINATING PENSION PLAN AND APPOINTING PBGC AS STATUTORY TRUSTEE THEREOF

Upon the motion (the "**Motion**")[2] of Hancock Fabrics, Inc. ("**Hancock**" or the "**Company**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order, pursuant to section 105(a) of the United States Code (the "**Bankruptcy Code**"), authorizing Hancock to enter into that certain *Agreement for Appointment of Trustee and Termination of Plan* (the "**PBGC Agreement**"), a copy of which is attached to the Motion as Exhibit A, with the Pension Benefit Guaranty Corporation (the "**PBGC**"), which, *inter alia*, provides for the termination of the Hancock Fabrics, Inc. Consolidated Retirement Plan (the "**Plan**") and appointment of the PBGC as trustee under the Plan, as more fully described in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested in the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

OMM_US:75243252.2 RLF1 15542613v.1

Motion being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held), and all of the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Hancock is authorized to enter into the PBGC Agreement with the PBGC, which provides for the termination of the Plan effective as of March 31, 2016 and appointment of the PBGC as statutory trustee of the Plan.

3. Notwithstanding anything in the PBGC Agreement to the contrary, to the extent the records, assets or other property of the Plan are in the possession, custody or control of persons other than the Debtors, the Debtors' obligations under the PBGC Agreement shall be satisfied by taking reasonable actions to request or require that such persons deliver such records, assets or other property of the Plan to the PBGC.

4. Notwithstanding anything in the PBGC Agreement to the contrary, in the event that the PBGC pursues any records, assets or other property by additional means, including but not limited to issuance of administrative subpoenas under 28 U.S.C. § 1303, the Debtors' rights, claims, defenses and remedies with respect to such pursuits are fully preserved.

2

5. Nothing in the PBGC Agreement shall impose any obligation not otherwise required under applicable law or required by PBGC pursuant to its authority under applicable law on the Debtors or parties related to the Debtors, including without limitation, their officers, directors, employees, agents, attorneys, representatives and estates.

6. The Debtors are authorized to take any other action necessary or appropriate to give effect to this Order.

7. The relief granted in this Order is, upon entry, immediately effective and enforceable, pursuant to Bankruptcy Rule 6004(h).

8. This Court shall retain jurisdiction over the implementation or interpretation of this Order. Nothing in this paragraph alters or limits the effect of jurisdiction and venue provisions on PBGC under ERISA, including but not limited to 29 U.S.C. §§ 1303 and 1342.

Dated: October 26, 2016
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE