**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HANCOCK FABRICS, INC., *et al.* | : | Case No. 16-10296 (BLS) |
| Post-Effective Date Debtor.[1] | : | Jointly Administered |
| | : | **Hr'g Date: January 29, 2020 at 11:00 a.m. (ET)**<br>**Obj. Deadline: January 22, 2020 at 4:00 p.m. (ET)** |

**MOTION OF HANCOCK FABRICS, INC. FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING ITS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§ 105(a) AND 350(a) AND BANKRUPTCY RULE 3022**

Hancock Fabrics, Inc. (the "**Post-Effective Date Debtor**"), by and through its undersigned counsel, hereby files this motion (the "**Motion**") seeking entry of an order and final decree (the "**Order**"), in substantially the form attached hereto as Exhibit A, closing the chapter 11 case of the Post-Effective Date Debtor pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 32 of the Confirmation Order (as defined below). Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

[1] The remaining debtor in these cases, along with the last four digits of its federal tax identification number, is Hancock Fabrics, Inc. (0905). The chapter 11 cases of Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com., Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563) (the "**Closed Case Debtors**" and, together with the Post-Effective Date Debtor, collectively, the "**Debtors**") were closed by order entered on October 16, 2017 [Docket No. 1870].

core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 350(a), Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

2. On February 2, 2016 (the "**Petition Date**"), each of the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

***The Debtor's Plan of Liquidation***

3. On August 15, 2016, the Debtors filed the initial *Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 1287] and the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 1288]. On March 8, 2017, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1485] and the *Disclosure Statement for Debtors' First Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1486]. Finally, on May 2, 2017, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1607] (the "**Plan**")[2] and the *Second Amended Disclosure Statement for Debtors' Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1608].

4. On June 20, 2017, the Court entered the *Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 1747] (the "**Confirmation Order**") which confirmed the Plan and appointed META Advisors LLC as the Responsible Person (the "**Responsible Person**"). *See* Plan at Article 7. Under the Plan, the Responsible Person is authorized and empowered to, among other things, (a) determine which claims should be allowed,

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

(b) file objections regarding the allowance and disallowance of claims, and (c) administer and adjust the official claims and distribution register.

5. On July 28, 2017, the Debtors filed the *Notice of (I) Confirmation of the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation and (II) Occurrence of the Effective Date* [Docket No. 1800] thereby providing notice that the effective date of the Plan occurred on July 28, 2017 (the "**Effective Date**").

***The Claims Bar Dates, Post-Effective Date Claim Review, Omnibus Claim Objections, and Distribution Process***

6. On May 24, 2016, the Court entered the *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 659] (the "**General Bar Date Order**"). The General Bar Date Order and subsequent *Notice of Deadlines for Filing Proofs of Claim Against Debtors* established July 11, 2016 at 5:00 p.m. (ET) (the "**General Bar Date**") as the deadline for certain creditors other than governmental units to file proofs of claim against any of the Debtors and August 1, 2016 at 5:00 p.m. (ET) (the "**Governmental Unit Bar Date**") as the deadline for claims asserted against any of the Debtors by governmental units as defined by section 101(27) of the Bankruptcy Code.

7. On September 21, 2016, the Court entered the *Order Establishing Deadline and Procedures for Filing Requests for Payment of Certain Administrative Expenses and Approving Form, Manner, and Sufficiency of Notice Thereof* [Docket No. 1077] (the "**Administrative Expense Bar Date Order**" and, together with the General Bar Date Order, the "**Bar Date Orders**"). The Administrative Expense Bar Date Order and subsequent *Notice of Deadline for Filing Administrative Expense Requests* established October 26, 2016 at 5:00 p.m. (ET) (the "**Administrative Expense Bar Date**" and, together with the General Bar Date and the Governmental Unit Bar Date, the "**Bar Dates**") as the deadline for creditors to file proofs of claim

for an administrative expense (as such terms are defined in Bankruptcy Code sections 101(5) and 503(b)) against any of the Debtors.

8. The Plan provides for, among other things: (i) the payment in full to holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Fee Claims; (ii) payment to each holder of an Allowed General Unsecured Claim of a *pro rata* share of proceeds of the Available Assets; and (iii) cancellation of the claims and interests of each holder of Interests and Securities Subordinated Claims. Further, the Plan deemed satisfied in full the Wells Fargo Prepetition Claims, GACP Prepetition Claims, and Noteholder Prepetition Claims.

9. The Plan also provided that each holder of an Allowed Other Secured Claim shall receive one or a combination of (i) cash equal to the amount of their claim; (ii) the collateral securing their claim or proceeds thereof; (iii) the sale of the collateral securing their claim, with the liens to attach to the proceeds thereof; (iv) realization of the indubitable equivalent of their claim, (v) deferred cash payments totaling the allowed amount of their claim; or (vi) other treatment agreed upon between the Debtors and such holder in writing.

10. The Bar Dates have passed. Approximately 1800 proofs of claim (collectively, the "**Proofs of Claim**" or the "**Claims**") have been filed against the Debtors, and the Responsible Person has reconciled each of these Claims (and, where necessary, filed and/or resolved objections to claims).

11. Following the Effective Date, the Responsible Person made initial distributions on account of all Allowed Administrative Claims, Allowed Priority Tax Claims, Other Priority Claims, Allowed Other Secured Claims, and Fee Claims in an amount totaling $4,945,252.93.

12. Additionally, while the Responsible Person has not made distributions to holders of Allowed General Unsecured Claims as of the date of the filing of this Motion, the Responsible Person plans to finalize its reconciliation of all General Unsecured Claims in the immediate future

and make a first and final distribution to all holders of Allowed General Unsecured Claims shortly thereafter.[3]

13. As of the date this Motion is scheduled to be heard, to the best of the Responsible Person's knowledge and belief, there will be no unresolved Claims, contested matters, adversary proceedings or other pending matters in this chapter 11 case. All expenses arising from the administration of the Post-Effective Date Debtor's estate and this chapter 11 case, including court fees, fees arising under 28 U.S.C. § 1930(a)(6), and professional fees and expenses, have been paid or will be paid as and when such fees and expenses come due. All other motions, contested matters, and other proceedings which were before the Court with respect to this chapter 11 case have been resolved. As such, the Post-Effective Date Debtor seeks a final decree closing its chapter 11 case without prejudice to the rights of the Post-Effective Date Debtor or any party-in-interest to reopen such case.

## RELIEF REQUESTED

14. By this Motion, the Post-Effective Date Debtor seeks entry of an order and final decree closing this chapter 11 case. The Post-Effective Date Debtor does not have any additional continuing obligations under the Plan, and the Plan has been fully administered.

## BASIS FOR THE RELIEF REQUESTED

15. After an estate is fully administered, a court, on motion of a party in interest, may grant a final decree closing a chapter 11 case. *See* 11 U.S.C. §350(a); Fed. R. Bankr. P. 3022.

[3] The Responsible Person was initially preparing to make a final distribution to all remaining holders of Allowed Claims, including all holders of Allowed General Unsecured Claims, by the end of December 2019. During such time, however, the Internal Revenue Service ("IRS") asserted substantial claims against the Post-Confirmation Debtor relating to liabilities allegedly incurred in 2016 for failing to make certain required filings. The assertion of such claims required the Responsible Person to suspend all distributions pending resolution of the IRS's claims. The Responsible Person has since filed an objection to the IRS's claims, and is attempting to resolve all matters relating to the IRS in the near future, and thereafter recommence the distribution process. *See* Post-Effective Date Debtor's Objection to Certain Liabilities Asserted by the Internal Revenue Service [Docket No. 2243].

Local Rule 3022-1 provides that "a party in interest may seek the entry of a final decree at any time after [a] confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

16. The term "fully administered" is not defined by the Bankruptcy Code or in the Bankruptcy Rules. As one court noted, "fully administered" can mean very different things: "at one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves . . . [a]t the other extreme, an estate could be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

17. Bankruptcy Rule 3022 affords the court "flexibility in determining whether an estate is fully administered." *Spierer v. Federated Dep't. Stores, Inc. (In re Federated Dep't. Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002). Each request to close a chapter 11 case is reviewed by a bankruptcy court on a case-by-case basis considering all relevant factors, including the factors identified in the Advisory Committee Notes to Bankruptcy Rule 3022. *See id.*

18. The Advisory Committee Notes to Bankruptcy Rule 3022 state, in relevant part, that:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future.

Fed. R. Bankr. P. 3022, Advisory Committee Notes. The Advisory Committee Notes, however, are silent as to the number of factors required to be satisfied before a case is deemed fully administered. While courts often apply the six factors described above, those factors merely serve as a guide to assist in the determination of whether a case is fully administered.

19. Failure to completely satisfy all factors will not prevent a case from being fully administered. In fact, several courts have warned that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005); *see also In re Rebel Rents, Inc.*, 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005) ("[A]ll of the factors in the Committee Notes need not be present before the court will enter a final decree."); *In re Mold Makers, Inc.*, 124 B.R. at 768 ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case.").

20. Other courts have suggested that substantial consummation is sufficient for entry of a final decree. *See, e.g., In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991) ("This Court deems a chapter 11 estate to be 'fully administered' pursuant to Bankruptcy Rule 3022 at the point of substantial consummation as defined by §1101(2) of the Bankruptcy Code."); *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 379 (9th Cir. BAP 2000) (indicating that entry of a final decree would be appropriate if a plan were substantially consummated).

21. Bankruptcy Code section 1101 defines "substantial consummation" as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the Debtor or by the successor to the Debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

22. An analysis of the facts enumerated in the Advisory Committee Notes to Bankruptcy Rule 3022 and the substantial consummation standard demonstrates the appropriateness of entering a final decree closing this chapter 11 case.

23. Here, (i) the Confirmation Order has become final and non-appealable, (ii) any transfer of property under the Plan has been completed, (iii) payments and/or distributions under the Plan have commenced (and will continue to be made by the Responsible Person as set forth herein until complete), and (iv) the Plan has been substantially consummated.

24. As described above at the time this Motion is scheduled to be heard, all Claims filed against the Post-Effective Date Debtor have been disallowed, allowed or otherwise resolved, and all allowed Claims have been paid in accordance with the terms of the Plan.

25. Closing this chapter 11 case complies with Local Rule 3022-1(a) because, as noted above, all fees arising under 28 U.S.C. § 1930 have been paid or will be paid as soon as is reasonably practicable.

26. Finally, closing this chapter 11 case is within this Court's power under Bankruptcy Code section 105(a), which provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27. Accordingly, the Post-Effective Date Debtor submits that the relief requested in the Motion is necessary and appropriate, and a final decree closing this chapter 11 case should be entered.

## FINAL REPORT

28. As required by Local Rule 3022-1(c), the Post-Effective Date Debtor's final report and account will be filed at least fourteen (14) days prior to the hearing on the Motion.

**NOTICE**

29. The Post-Effective Date Debtor is providing notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; and (b) any party in interest that has requested or is otherwise entitled to notice pursuant to Bankruptcy Rule 2002 and/or Local Rule 2002-1. In light of the nature of the relief requested, no further notice is required or needed under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Post-Effective Date Debtor respectfully requests that the Court enter the proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 8, 2020
Wilmington, Delaware

Respectfully submitted,

*/s/ Brett M. Haywood*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brett M. Haywood (No. 6166)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 498-7701

- and -

**HAHN & HESSEN LLP**
Mark S. Indelicato
Janine M. Figueiredo
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Co-Counsel to the Post-Effective Date Debtor*