**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HANCOCK FABRICS, INC., *et al*. | : | Case No. 16-10296 (BLS) |
| Post-Effective Date Debtor.[1] | : | Jointly Administered |

## **FINAL REPORT IN CHAPTER 11 CASES**

To the best of my knowledge, information, and belief, the following is a breakdown of the results in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"):

## **BACKGROUND**

1. On February 2, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors' cases were consolidated for procedural purposes and jointly administered under Case No. 16-10296 (BLS).

2. On June 20, 2017, the Court entered the *Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation* (the "**Plan**").[2] No appeal was taken from entry of the Confirmation Order, and the Confirmation Order has become a Final Order.

---

1 The remaining debtor in these cases, along with the last four digits of its federal tax identification number, is Hancock Fabrics, Inc. (0905). The chapter 11 cases of Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com., Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563) (the "**Closed Case Debtors**" and, together with the Post-Effective Date Debtor, collectively, the "**Debtors**") were closed by order entered on October 16, 2017 [Docket No. 1870].

2 Docket No. 1747. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

3. Prior to confirmation of the Plan, the Debtors sold substantially all of their assets pursuant to various agreements more fully described in the Disclosure Statement.[3] Following the sales, the residual estate assets contemplated by the Plan to be Available Assets for distribution to creditors primarily comprised remaining Cash and certain Rights of Action.[4]

4. The Plan became effective on July 28, 2017 (the "**Effective Date**").[5] Section 7.E. of the Plan and paragraph 11 of the Confirmation Order provide for the appointment of META Advisors LLC as Responsible Person (the "**Responsible Person**") as of the Effective Date. Upon the occurrence of the Effective Date, pursuant to paragraph 20 of the Confirmation Order, the Responsible Person was appointed to administer the Available Assets and Debtors' estates, in accordance with the terms of the Plan, the Confirmation Order and that certain *Responsible Person Agreement* dated as of July 28, 2017 (the "**RPA**").

5. No trustee or examiner was appointed in the Chapter 11 Cases. Accordingly, no fees were incurred for a trustee or trustee's counsel.

6. On January 8, 2020, the Post-Effective Date Debtor filed the *Motion of Hancock Fabrics, Inc. for Entry of an Order And Final Decree Closing its Chapter 11 Case Pursuant to 11 U.S.C. §§ 105(a) and 350(a) and Bankruptcy Rule 3022* (the "Motion for Final Decree"), which is scheduled to be heard on January 22, 2020.

**FEES AND EXPENSES / DISTRIBUTIONS / ASSET ADMINISTRATION**

7. All required fees due under 28 U.S.C. § 1930 have been paid, will be paid current or will be prepaid as of the hearing date on the Motion for Final Decree and any further fees that come due (if any) will be paid promptly after they become due.

---

[3] Disclosure Statement [Docket No. 1621] §§ III.C.6. – III.C.9.

[4] Plan § 1.A.

[5] Docket No. 1796.

8. The fees and expenses awarded to and paid to professionals in the cases from the Petition Date through the Effective Date of the Plan amounted to $11,672,288.10 in the aggregate, and are set forth in detail on the attached Exhibit 1.

9. All distributions to be made under the Plan have been made and/or will be made substantially contemporaneously with the date of the scheduled hearing on the Motion for Final Decree, and are set forth on the attached Exhibit 2.

10. Subject to the foregoing, all assets of the Debtors' estates have been administered or, where the Responsible Person has determined they are of inconsequential value to Debtors' creditor constituency, will be abandoned upon entry in this case of the order granting the Motion for Final Decree.

Date: January 15, 2020

By: META Advisors LLC, not individually, but solely in its capacity as Responsible Person in the chapter 11 cases of Hancock Fabrics, Inc. *et al.*

*/s/ Dana P. Kane*
Name: Dana P. Kane
Title: Chief Compliance Officer